In the Matter of RALPH HONIG, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, April 9, 1943.

*Einar Chrystie* for petitioner.

No appearance for respondent.

*Per Curiam.* The respondent has been in default throughout this proceeding. He failed to appear before the petitioner's Committee on Grievances in response to a request to explain his conduct. He failed to answer in this court to the charges preferred against him. He failed to appear before the referee to whom the charges were referred for hearing, and has made no appearance upon the motion to confirm the referee's report. The referee has reported the respondent guilty, as charged, upon evidence which sustains his conclusion.

By said evidence it is established that the respondent was appointed executor of the last will and testament of Sara Weshner, who died June 9, 1939. Letters testamentary were issued to him on September 7, 1939. The decedent left an estate of nearly $8,000, substantially all of which was in cash. The respondent failed to pay any of the legacies or to account for the property which came into his possession. He failed to appear in person in response to a citation duly served upon him to show cause why he should not render and have his account judicially settled. He was represented, however, by his nephew, an attorney named Boris Honig. He failed to respond to a decree directing him to account. He has apparently converted to his own use a part or all of the aforesaid estate.

In April of 1939 the respondent represented the Merit Drug Co., Inc., and the Ar-Kay Drug Co., Inc., in the sale of certain stores owned by them. At the closing there was left with him the sum of $1,000 in escrow, pursuant to an agreement that it was to be held by him until May 24, 1939, when it was to be paid over to the sellers upon the production of proof that all the debts and obligations contained in a list of creditors, submitted by the sellers to the purchasers, had been paid. Such proof was duly furnished to the respondent but he failed to pay over any part of the money entrusted to him as aforesaid, although he conceded that the sellers were entitled to at least $312 thereof. He converted to his own use at least that sum.

In November, 1940, one Simon N. Nitzkin sold a drug store to his brother-in-law, Jack Kaplan. The respondent represented both the seller and purchaser in the transaction and received a sum of seventy-five dollars in full payment of his fee. At the closing, the sum of $200 was left with him to be held for a period of fourteen days and within that period used either for the payment of outstanding obligations or, in case these were

paid by Mr. Nitzkin, to be turned over to the latter. The respondent paid none of the bills and returned none of the money. When subsequently asked for it by Mr. Kaplan, he admitted he did not have it and stated that his business and health were poor.

The respondent should be disbarred.

MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ., concur.

Respondent disbarred.